UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN HENDERSON, | ) Case No. EDCV 11-1913 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## I. SUMMARY

On December 8, 2011, plaintiff, Helen Henderson ("plaintiff"), filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 12, 2011 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 23, 2008, plaintiff filed an application for Disability Insurance Benefits.  (Administrative Record ("AR") 82).  Plaintiff asserted that she became disabled on December 6, 2008, due to inability to focus and rest, pain in shoulder and neck, irritable bowel, headache, stress, high blood pressure, diabetes, high cholesterol, and depression.  (AR 113).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on June 15, 2010.  (AR 24-37).

On August 27, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 10-19).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment:  bipolar affective disorder (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 12-13); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but could not perform work as a security guard around persons that are mostly under the age of 18, such as in primary schools or high schools (AR 13); (4) plaintiff could not perform her past relevant work (AR 18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff can perform (AR 18-19); and (6) plaintiff's allegations regarding her limitations were

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 16).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.  DISCUSSION

### A.  The ALJ Properly Considered Lay Witness Evidence From Plaintiff's Husband

Plaintiff contends that the ALJ failed to provide sufficient reasons for discounting the lay witness statements regarding plaintiff's mental limitations provided by plaintiff's husband, Billy Henderson. (Plaintiff's Motion a 5-14) (citing AR 166-73). The Court disagrees.

#### 1.  Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot

consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 2. Pertinent Background

In a Third Party Function Report dated April 13, 2009, plaintiff's husband, Billy Henderson, stated, in pertinent part, that plaintiff (1) is unable to complete most household tasks or personal grooming without reminders from her husband; (2) sleeps most of the day; (3) is unable to sleep for days if she does not take her medication; (4) leaves doors unlocked and leaves the stove on if her husband does not monitor her; (5) is unable to pay bills, handle a savings account or use a checkbook/money orders; (6) has difficulty concentrating, focusing, understanding general conversation, and needs constant reminders; (7) has difficulty getting along with others, but can engage in "general conversation with limited socialization," and attends church "most Sundays"; (8) can pay attention for 15 to 20 minutes; (9) does not finish what she starts; (10) is unable to follow written instructions, but can follow spoken instructions "fairly well"; (11) does not handle stress or changes in routine well; and (12) "is short fused and grows angry rapidly" and does not trust anyone. (AR 166-73).

### 3. Analysis

First, the ALJ discounted the credibility of plaintiff's complaints regarding her mental limitations in part because (1) such subjective complaints were inconsistent with plaintiff's testimony regarding her daily activities; (2) plaintiff had not been fully compliant with her prescribed treatment; and (3) the objective medical evidence did not support the severity of plaintiff's alleged mental limitations. (AR 16). Plaintiff does not dispute that these were clear and convincing reasons for rejecting plaintiff's subjective complaints. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the

claimant's credibility); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted); Verduzco v. Apfel,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may properly consider a plaintiff's failure to "seek treatment or to follow a prescribed course of treatment" in assessing her credibility).

Second, plaintiff's husband's statements regarding plaintiff's mental abilities were essentially the same as plaintiff's statements in her own function report. (Compare AR 121-28 [plaintiff's function report] with AR 166-73 [plaintiff's husband's function report]).  Since, as discussed above, the ALJ provided clear and convincing reasons for rejecting plaintiff's own subjective complaints, it follows that the ALJ also gave germane reasons for rejecting plaintiff's husband's similar statements.  See Valentine v. Commissioner of Social Security Administration, 574 F.3d 685, 693-94 (9th Cir. 2009) (ALJ properly discounted wife's testimony for same reasons used to discredit claimant's complaints which were similar).

Therefore, since the ALJ expressly considered and rejected plaintiff's husband's similar statements based upon germane reasons which are supported by the record, a remand or reversal on this basis is not warranted.

### B. The ALJ Properly Evaluated the Medical Opinion Evidence

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant

("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[2] See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating

---

[2] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

### 2. Dr. Christopher A. Marsey

Plaintiff contends that a remand or reversal is warranted because the ALJ improperly rejected the opinions of Dr. Christopher A. Marsey, an examining psychiatrist. (Plaintiffs' Motion at 14-16) (citing AR 462-64). The Court disagrees.

In the report of a psychiatric outpatient consultation dated March 25, 2009, Dr. Marsey opined, in pertinent part, that (1) plaintiff exhibited "quite significant scatter in the neuropsychological test data"; (2) plaintiff was "quite emotional" during the examination which "likely . . . affected her performance"; (3) the results of psychological testing of plaintiff were "quite difficult to interpret" due to "significant inconsistencies in the test data"; and (4) due to such inconsistent data, Dr. Marsey was "unable to determine if [plaintiff] [was] exhibiting any true memory dysfunction," although emotional factors were "at least playing a part in [plaintiff's] dysfunction" (collectively "Dr. Marsey's Opinions"). (AR 464).

Here, the ALJ properly rejected Dr. Marsey's Opinions because they did not meet the durational requirement – *i.e.*, they "[did] not establish an inability to perform work activity for any twelve month period of time." (AR 16) (citing, *inter alia*, Exhibit 12F [AR 464]); see 42 U.S.C. § 423(d)(1)(A); Burch, 400 F.3d at 679; Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the

Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990) (upholding Commissioner and noting that after surgery, no doctor suggested claimant was disabled). The ALJ was not required to provide any further explanation for rejecting Dr. Marsey's Opinions. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation only when he rejects "significant probative evidence.") (citation omitted). Even so, plaintiff fails to demonstrate that Dr. Marsey's Opinions – which essentially state no more than that plaintiff has "memory dysfunction" due to "emotional factors" (AR 464) – reflect mental limitations that were not already accounted for in the ALJ's residual functional capacity assessment. While plaintiff suggests that the medical evidence shows otherwise (Plaintiff's Motion at 16), this Court will not second-guess the ALJ's reasonable interpretation of the medical evidence, even if such evidence could give rise to inferences more favorable to plaintiff. See Rollins, 261 F.3d at 857 (not court's role to second-guess ALJ's reasonable interpretation of the evidence) (citation omitted).

Accordingly, a remand or reversal on this basis is not warranted.

### 3. Letter From Dr. Mohammed Haqqani and Dan Siegel, LCSW

Plaintiff contends that a remand or reversal is warranted because the ALJ improperly rejected the opinions expressed in a July 19, 2010 letter ("July Letter") signed by Dr. Mohammed Haqqani, plaintiff's treating psychiatrist, and Dan Siegel, a licensed clinical social worker. (Plaintiff's Motion at 19-27) (citing AR 929-30). The Court disagrees.

First, the ALJ was not required to provide any explanation for rejecting the conclusory statement "we believe that you are presently disabled and probably have been since shortly after the [January 2009] incident at work." (AR 929); see

Vincent, 739 F.2d at 1394-95.  Such a non-medical opinion that plaintiff is entitled to benefits is not binding on the Commissioner.  See Boardman v. Astrue, 286 Fed. Appx. 397, 399 (9th Cir. 2008)[3] ("[The] determination of a claimant's ultimate disability is reserved to the Commissioner . . . a physician's opinion on the matter is not entitled to special significance."); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.") (citation omitted); 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . .  A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

   Second, the ALJ was entitled to disregard any opinion expressed in the July Letter by Mr. Dan Siegel.  To establish that she has a medical impairment, it was incumbent upon plaintiff to submit evidence from an "acceptable medical source[]."  See 20 C.F.R. § 404.1513(a).  A licensed clinical social worker, such as Mr. Siegel, is not an "acceptable medical source."  Id.

   Third, substantial evidence supported the ALJ's decision to afford "little weight" to Dr. Haqqani's opinions, since such opinions were not supported by the treating physician's own notes or the record as a whole.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating

---

[3]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, as the ALJ noted, Dr. Haqqani's treatment records for plaintiff reflect mental status examinations that were, on the whole, within normal limits when plaintiff was compliant with prescribed medication. (AR 16-18, 514-17, 557-59, 594-96, 612-14, 654-56, 672-74, 850-51, 855-56, 861-62, 868-73, 884-85, 889-90, 898-900, 913-15, 927-28). Although, as plaintiff points out, plaintiff was hospitalized from June 4 to June 7, 2009, "for suicidal and homicidal ideation," as the ALJ suggests, the medical records of such hospitalization do not reflect any severe mental impairment that was not otherwise accounted for in the ALJ's residual capacity assessment. (AR 16) (citing AR 690-832). Although plaintiff suggests that the medical evidence reflects more significant mental limitations (Plaintiff's Motion at 23-27), the Court will not second guess the ALJ's reasonable determination that it does not. See Rollins, 261 F.3d at 857.

Fourth, as the ALJ suggested, in light of such overall unremarkable objective findings, any opinions expressed in the July Letter appear to be based solely on plaintiff's subjective complaints noted in plaintiff's treatment records. (AR at 17, 927-28; see AR 514-17, 557-59, 594-96, 612-14, 654-56, 672-74, 850-51, 855-56, 861-62, 868-73, 884-85, 889-90, 898-900, 913-15). The ALJ properly discounted Dr. Haqqani's opinions to the extent they were based on plaintiff's subjective complaints which, as noted above, the ALJ discredited. See, e.g., Bayliss, 427 F.3d at 1217 (ALJ properly rejected opinion of treating physician which was based solely on subjective complaints of claimant and information submitted by claimant's family and friends).

Finally, the ALJ supported his conclusions based on the conflicting opinions of the state-agency reviewing physicians who found no severe mental impairment that was expected to last at least 12 months. (AR 324-37). Such

opinions were consistent with the other medical evidence of record, and therefore constitute substantial evidence supporting the ALJ's decision. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"). To the extent plaintiff argues that such opinions are not substantial evidence because they fail to account for approximately "500 pages" of plaintiff's medical records that were added to the administrative record after the state-agency physicians reviewed plaintiff's case (Plaintiff's Motion at 17-19), her argument lacks merit. Plaintiff points to no significant probative evidence in such records from an acceptable medical source that was inconsistent with the findings of the reviewing physicians and which reflects any functional limitation that would last for a continuous twelve-month period or that was not already accounted for in the ALJ's residual functional capacity assessment.

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 30, 2012

                                                  /s/
                           Honorable Jacqueline Chooljian
                           UNITED STATES MAGISTRATE JUDGE